IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Criminal No. 3:09-CR-249-D |
| VS. | § | |
| | § | |
| CHASTITY LYNN FAULKNER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The government's April 5, 2010 request for no contact order is denied.

The government requests that the court order four defendants who are being detained pending trial—Chasity Lynn Faulkner, Michael Blaine Faulkner, Matthew Norman Simpson, and William Michael Watts—to avoid contact with each other, witnesses, victims, or informants, or other (released) codefendants.  It points out that, as a condition of their bond, the released codefendants in this case were ordered to avoid direct or indirect contact with any victim or potential witness, including codefendants, and that the codefendants have been admonished about the penalties and sanctions for obstructing an investigation or tampering with, retaliating against, or intimidating a witness.

The government points to no authority, nor has the court found any, that permits a court to enter such an order in the circumstances presented here.  The authority to order released defendants to avoid contact with victims or potential witnesses is based on a judicial officer's authority to set terms and conditions of pretrial release.  18 U.S.C. § 3142(c)(1) provides, in relevant part:

If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

.  .  .

(B)  subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—

.  .  .

(v)  avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense[.]

Because the four defendants to whom the government's request is addressed have not been released under § 3142(b), the court lacks the authority to enter the requested no contact order.[*]

Although the court declines to grant the government's request, the court notes that it is a criminal offense for a person to obstruct a criminal investigation, *see* 18 U.S.C. § 1510, or to tamper with, retaliate against, or intimidate a witness, *see* 18 U.S.C. § 1512.  Accordingly, although the court is denying the government's request, this decision does not relieve any of the detained defendants from the penalties that they could incur by violating these or other criminal laws that proscribe the conduct that the government seeks by its request to prevent.

---

[*]The government does not allege in its request that any of the four defendants has engaged in specific conduct that would warrant such an order.  The court therefore has no occasion to decide whether it would have such authority on some other basis, such as under its inherent power.

The government's April 5, 2010 request for no contact order is denied.

**SO ORDERED**.

May 12, 2010.

SIDNEY A. FITZWATER
CHIEF JUDGE