```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

UNITED STATES OF AMERICA,     §
                              §
                  Plaintiff,  §
                              § Criminal No. 3:09-CR-249-D(06)
VS.                           §
                              §
MATTHEW NORMAN SIMPSON,       §
                              §
                  Defendant.  §
```

MEMORANDUM OPINION
AND ORDER

Defendant Matthew Norman Simpson's ("Simpson's") July 9, 2010 motion for release on conditions or, alternatively, motion for reconsideration of the court's previous order of detention in light of new information is denied.

I

Because the relevant background information is adequately set out in the court's opinion denying Simpson's prior motion for release, see *United States v. Simpson*, No. 3:09-CR-249-D (N.D. Tex. Nov. 12, 2009) ("*Simpson I*") (Fitzwater, C.J.), aff'd, 360 Fed. Appx. 537 (5th Cir. Jan. 11, 2010), the court will briefly summarize this information and add background facts and procedural history that are pertinent to Simpson's present motion.

In *Simpson I* the court denied Simpson's request under 18 U.S.C. § 3145(b) for review of the magistrate judge's September 4, 2009 order detaining him without bail pending trial. The Fifth Circuit affirmed that decision on appeal. On July 9, 2010 Simpson filed the instant motion for release on conditions or,

alternatively, motion for reconsideration of the court's previous order of detention in light of new information. The court referred the motion to the magistrate judge, who filed a July 28, 2010 recommendation that the motion be denied.

Simpson filed objections to the recommendation on August 9, 2010. He maintains that the length of his pretrial incarceration is a new circumstance; "the duration of confinement prior to trial is pertinent to the release as a matter of due process law," Objs. 4 (emphasis omitted); periodic review of his detention is required by 18 U.S.C. § 3164; new polygraph evidence confirms that he has no intent to flee; his ability to contribute to his defense is unduly burdened by his detention and by the conduct of the Bureau of Prisons; although he knew he had substantial ties to the community at the time of his detention, he did not present evidence of those ties because he was not aware they were in dispute; an additional release condition is available; a report issued by the Office of the Federal Detention Trustee was not known to Simpson at his detention hearing; the impairment of his plane is a changed circumstance; the volume of discovery in the case is a recently discovered fact; and the magistrate judge's stringent reading of 18 U.S.C. § 3142(f) is capricious. The magistrate judge's July 28, 2010 recommendation is before the court for *de novo* review.

II

A

18 U.S.C. § 3142(f) provides that a detention hearing

> may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Simpson maintains that "[h]is prolonged pretrial detention is unquestionably a new circumstance which did not exist and was not known by the defendant at the time of his detention hearing." Objs. 3 (emphasis omitted). He relies on *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989), in which the Fifth Circuit remanded on the ground that the district court had "fail[ed] to apply the correct legal standard because it ignore[d] the length of the pretrial detention[.]" *Id.* at 800.

*Hare* holds that "the length of [the defendant's] current or potential future detention [cannot] be considered under [18 U.S.C. § 3142(f)] since it is not material to the issue of risk of flight[.]" *Id.* at 799; *see also United States v. Newton*, 2009 WL 3150398, at *2 (N.D. Tex. Sept. 29, 2009) (Fitzwater, C.J.) ("[Defendant's] arguments regarding the length of his pretrial incarceration have no relevance to the magistrate judge's determination that there appears to be no condition or combination

of conditions that will reasonably assure [defendant's] appearance, as required. The detention question did not turn on how long or short the pretrial period might be, but on the magistrate judge's judgment as to the safety and reliability of releasing Newton from custody.").

The court accordingly holds that the length of Simpson's pretrial detention does not justify reopening his detention hearing.[1]

B

Although Simpson's argument is unavailing under § 3142(f), it does present the question whether his continued detention is permissible under the Due Process Clause of the Fifth Amendment. In *Hare* the panel held that "[b]ecause pretrial detention under the [Bail Reform] Act is regulatory, not penal, it does not constitute 'impermissible punishment before trial' that would violate due

---

[1]Simpson contends that the "stringent" construction of § 3142(f) advanced by the government and accepted by the magistrate judge is "capricious." Objs. 15. He cites *United States v. Valera-Elizondo*, 761 F.2d 1020 (5th Cir. 1984), for support. But in *Valera-Elizondo* the panel considered the showing a defendant must make for release from detention after being convicted. *Id.* at 1022. Quoting a Third Circuit case, the panel stated that it would have been capricious of Congress to condition post-verdict bail on the willingness of a trial judge to identify, but not correct, an error the judge believed would be reversed on appeal. *Id.* at 1022-23 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). Simpson's argument thus fails to address why the magistrate judge's conclusions—that Simpson failed to present new evidence that is material to whether conditions may be imposed to reasonably assure his presence at trial—misapplies § 3142(f). Reviewing this conclusion *de novo*, the court reaches the same conclusion as did the magistrate judge.

process." *Hare*, 873 F.2d at 800 (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). But the panel indicated that detention that was excessively prolonged could become punitive, and therefore prohibited by the Due Process Clause. *See id*. It stated that the district court must consider on a case-by-case basis

> not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

*Id.* at 801.

1

The court first considers factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that Simpson poses a risk of flight, and the strength of the government's case on the merits. In the court's prior *de novo* review of the evidence supporting Simpson's detention, it concluded for the reasons stated in its memorandum opinion and order that Simpson should be detained pending trial because no condition or combination of conditions would reasonably assure his appearance as required. *See Simpson I*, slip op. at 1, 9. In doing so, the court adequately considered

these factors insofar as they were relevant in the initial detention decision. In Simpson's present motion, he either relies on evidence that is immaterial to his release or that was known to him at the time of his first hearing. The court therefore holds that the facts and reasoning of *Simpson I* support his continued detention under the first *Hare* factor. *See, e.g., United States v. Stanford*, ___ F.Supp.2d ___, 2010 WL 2745780, at *2 (S.D. Tex. July 7, 2010) (relying on prior determination of risk of flight in denying subsequent motion for release pending trial).

2

The court next considers the length of the detention that has occurred or may occur in the future and the non-speculative nature of future detention. For purposes of analyzing these length-of-detention factors, the court will assume that Simpson's trial will not begin until February 2011.[2]

Simpson was arrested on September 3, 2009 and has been detained since that time. The court has already determined that this case is complex. *See United States v. Haney*, 2009 WL 3363821, at *1 (N.D. Tex. Oct. 19, 2009) (Fitzwater, C.J.) (holding that the

---

[2]The trial is currently scheduled to begin on October 4, 2010. One defendant has moved for a continuance until February 7, 2011. That motion has now been joined by another defendant, and it is unopposed by some defendants and the government. According to the moving defendant, Simpson opposes a continuance. Although the court has not yet decided the motion, it will assume for purposes of addressing his present motion that the trial will not commence until February 2011.

government established that this case is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for the trial itself within the time limits established by the Speedy Trial Act). A 16-month delay between the time of Simpson's arrest and the time of his trial does not violate due process. *See, e.g.*, *Stanford*, 2010 WL 2745780, at *3 (holding in case charging mail, wire, and securities fraud that detention of 19 months did not violate due process).

There is no basis in the record to conclude that the trial cannot commence in February 2011. This court and the Fifth Circuit have approved defense budgets, and pretrial discovery and other preparations appear to be underway. A trial that commences in February 2011 is almost six months away, allowing reasonable time for preparation despite the extensive discovery in this case. *See Haney*, 2009 WL 3363821, at *1 (noting that government maintains that current discovery is voluminous, involving computer data said to exceed 200 terabytes from more than 300 computers and other devices, and more than 10,000 pages of paper data, and that the government anticipates that it will acquire additional discovery).

3

The court next considers the complexity of the case. "When the complexity of a case is a reason for the length of the detention, the detention continues to be regulatory in nature rather than

penal." *Stanford*, 2010 WL 2745780, at *4. The court has already determined that this case is complex. *Haney*, 2009 WL 3363821, at *1. Nothing that has transpired in the case since the court first reached this conclusion has undermined this determination. In fact, subsequent proceedings, including those associated with developing defense budgets, have confirmed the complexity of the case.

4

Finally, the court addresses whether the strategy of one side or the other occasions the delay. "Any delay occasioned by prosecutorial strategy may be a basis upon which an exceedingly lengthy pretrial detention offends due process." *Stanford*, 2010 WL 2745780, at *4. There is no basis in the record to find that the government has delayed this case for strategic reasons. Although the court continued the trial from its November 16, 2009 setting until May 10, 2010 based on the government's motion, that motion was reasonably based on the complexity of the case. The continuance from May 10, 2010 until October 4, 2010 was at the request of certain defendants. And assuming the trial is continued until February 2011, it will be because certain defendants moved for (or were unopposed to) a continuance of this length.

5

Considering the *Hare* factors together, the court holds that Simpson's continued pretrial detention does not violate due

process.[3]

### III

Simpson contends that review of his detention is warranted under 18 U.S.C. § 3164. Section 3164(c) provides that "[f]ailure to commence trial of a detainee . . ., through no fault of the accused or his counsel, . . . shall result in the automatic review by the court of the conditions of release." Section 3164(c) also mandates that "[n]o detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required [by § 3164(b)] for the commencement of his trial." The court declines to order Simpson's release on this basis.

"The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." 18 U.S.C. § 3164(b). Section 3161(h)(7)(A) excludes from the speedy trial requirements, *inter alia*,

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such

---

[3]Simpson maintains that the difficulty imposed by his detention on his trial preparation raises a due process concern that warrants his release. The *Stanford* court rejected the conclusion that the same concern violates a defendant's Sixth Amendment right to prepare for trial, concluding that it would mean that a defendant would be advantaged by committing a more complicated crime. *See Stanford*, 2010 WL 2745780, at *5. This court follows similar reasoning to reject Simpson's argument as a basis to find a due process violation.

>    action outweigh the best interest of the
>    public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).[4]  In granting an ends-of-justice continuance, the court may consider, *inter alia*,

>    [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

In *Haney* the court determined that this case is complex under § 3161(h)(7)(B)(ii), and it continued the trial on this basis. *Haney*, 2009 WL 3363821, at *1. Having found the case to be complex, the court, on the motion of certain defendants, continued the case a second time "so that defendants will have adequate time to conduct pretrial discovery, explore all legal and factual aspects of the case, file motions, and prepare for trial." Feb. 1, 2010 Order. Currently pending for decision is the motion of one defendant, joined by a second defendant (and without opposition from certain other defendants), for a trial continuance until

---

[4]As the court explains below, some of the delay is occasioned by motions of defendants other than Simpson. But 18 U.S.C. § 3161(h)(6) deems excludable "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." To the extent one or more provisions of § 3161(h)(7) do not create excludable periods in determining whether the 90-day time limit of § 3164(c) has elapsed as to Simpson, § 3161(h)(6) does so.

February 2011. In that motion, the defendant refers to "the complexity of this case and the massive discovery involved," and to the need for sufficient time to review the discovery. Smallwood Mot. for Cont. 2. At no time has the court varied from its finding in *Haney* that this case is complex.

Because the delays in the commencement of this trial after October 19, 2009 are based on periods of delays enumerated in § 3161(h), the delays are excluded from the 90-day time limitation prescribed by § 3164(b). Because fewer than 90 days elapsed between Simpson's September 3, 2009 arrest and the court's October 19, 2009 order, § 3164(c) does not require that Simpson be released or his detention be reviewed.

IV

The remainder of Simpson's objections rely on evidence or theories that do not support reopening his detention hearing.

A

Simpson asserts that the reports of his investigator compiling statements of friends and relatives should be considered new information material to his release because he was unaware that his ties to the community were in question before the court denied his motion for reconsideration. But a defendant's family and community ties are clearly at issue any time detention is considered. *See* 18 U.S.C. § 3142(g)(3)(A) (providing that judicial officer should consider, *inter alia*, family ties and community ties in deciding

whether to detain defendant pending trial); *see also* D. Oct. 26, 2009 Br. 6 (stating "[t]he Court should also consider Mr. Simpson's personal characteristics and family ties" in its reconsideration of the magistrate judge's detention order). Although the report itself is new, the factual assertions that it makes are like those that would have been known to Simpson before his detention hearing, so they are not new evidence. *See Hare*, 873 F.2d at 799 (holding that relatives' and friend's testimony about his willingness to appear at prior prosecutions was not new evidence).

B

Simpson also presents evidence that his defense is impaired by his confinement, and that the voluminous level of discovery exacerbates this difficulty. Assuming that this argument relies on new evidence, it is immaterial to the question whether any condition or combination of conditions would reasonably assure Simpson's appearance as required.[5]

C

He argues that evidence of a polygraph examination, in which he expressed he had no intention to flee, is new evidence of his likelihood to appear at trial. But his intent to appear at trial was not unknown to Simpson at his detention hearing or when he filed his motion for reconsideration.

---

[5]If this evidence is at all pertinent, it relates to the due process argument that the court has rejected above. *See supra* note 3.

D

Simpson argues that his mother's offer to pledge her home as security for his release is evidence of a new condition that merits the court's consideration. The court disagrees. Simpson presents no evidence that the property is newly acquired or that his mother was unwilling to offer it as bail at the time of his original detention hearing. Therefore, the court holds that he has failed to show that this information was not known to him at the time of the hearing.[6]

E

Simpson asserts that a report by the Office of the Federal Detention Trustee was unknown to him at the time of his detention hearing. Although Simpson may have been unaware of the report, it is immaterial as to whether any condition or combination of conditions would reasonably assure his appearance as required. The report addresses in general factors pertinent to a defendant's release. Simpson's detention is based on facts specific to him, and the report does not address Simpson individually.

F

Simpson also posits that the impaired condition of his plane is a new condition that warrants reopening his hearing. But

---

[6]To the extent he maintains that he was unaware that it was necessary to present this evidence at his original hearing, the court rejects this contention for the reasons explained supra at § IV(A).

Simpson presents no evidence that his plane broke down after he was detained. Indeed, at his September 2009 detention hearing, his attorney asked the government's witness if he was aware that the plane was down for maintenance. And Simpson also provides evidence that his plane is being repaired so that it can be sold. The plane's condition does not justify reopening Simpson's detention hearing.

* * *

Following *de novo* review of the magistrate judge's July 28, 2010 recommendation, the court denies Simpson's July 9, 2010 motion for release on conditions or, alternatively, motion for reconsideration of the court's previous order of detention in light of new information.

**SO ORDERED.**

August 19, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE