IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-249-D(06) |
| VS. | § | |
| | § | |
| MATTHEW NORMAN SIMPSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Matthew Norman Simpson ("Simpson") moves to unseal the government's *ex parte* application for post-indictment restraining order ("application") and to dissolve the court's protective order prohibiting dissemination of the application. For the reasons that follow, the court grants the motion on the terms set out below.

I

Pursuant to court authorization, the government has previously provided Simpson a copy of the application. Under the protective order, however, Simpson is prohibited from disseminating the application without first properly redacting the document under Fed. R. Crim. P. 49.1 and obtaining the court's permission. Simpson moves the court to unseal the application and dissolve the protective order, contending that the sealing violates his Sixth Amendment right to a public trial. The government does not oppose unsealing the application, provided that the names, telephone numbers, and email and physical addresses of unindicted persons are

redacted.

## II

The court first addresses Simpson's Sixth Amendment argument. Like all defendants, Simpson is guaranteed a public trial under the Sixth Amendment. But his contention that the Sixth Amendment requires that the application be unsealed and the protective order dissolved is misplaced.

The Sixth Amendment applies to "the entire trial." *United States v. Sorrentino*, 175 F.2d 721, 722 (3d Cir. 1949). A public trial ensures that judges and prosecutors carry out their duties responsibly, that witnesses come forward, that perjury is discouraged, and that the public may see that the accused is dealt with fairly. *See Walker v. Georgia*, 467 U.S. 39, 46 (1984). There is no indication that the Sixth Amendment applies to non-trial proceedings or to other court actions that are not part of the trial. *See United States v. Vazquez-Botet*, 532 F.3d 37, 51-52 (1st Cir. 2008) ("The defendants point to no precedent in the Supreme Court, this circuit, or elsewhere extending the Sixth Amendment public-trial right to an outside-of-trial [proceeding]."); *see also* 21A Am. Jur. 2d *Crim. Law* 969 (2010). Moreover, "the right to an open trial may give way in certain cases to other rights or interests." *Walker*, 467 U.S. at 45. Simpson has not pointed to, and the court has not found, any support for the contention that sealing and prohibiting disclosure of documents intended to prevent

the disposition of assets and to protect private information about unindicted persons infringes Simpson's Sixth Amendment right to a public trial.

III

The court now considers whether Simpson should be granted relief on another, non-constitutional ground.

The court is authorized to seal documents filed in a criminal case. *See* Rule 49.1(d) ("The court may order that a filing be made under seal without redaction [and] may later unseal the filing[.]"). The court for good cause can also limit or prohibit a party's access to a document filed in a criminal case. *See* Rule 49.1(e)(2). And "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The government established in its application that property subject to forfeiture could be alienated or dissipated, and that relief was necessary to ensure that the property would be available for forfeiture if the government showed itself to be entitled to this relief. The court sealed the application and restraining order to prevent the dissipation of assets. Since the date the court entered the restraining order, almost all of the charged defendants have been arrested, and the property has presumably been secured. The court therefore holds that the basis for sealing the application in the

first instance no longer supports maintaining the application under seal.

IV

As noted, the government does not oppose unsealing the application, provided the names, telephone numbers, and email and physical addresses of unindicted persons are redacted.

Rule 49.1(a) requires that certain personal information and identifiers, such as social security numbers, birth dates, home addresses, and financial account numbers, be truncated in criminal filings. The court for good cause can also require redaction of additional information not covered by Rule 49.1(a). *See* Rule 49.1(e)(1). Although the government need not show a compelling interest to seal unindicted persons' names, it must demonstrate good cause. *See United States v. Smith*, 602 F. Supp. 388, 397 (M.D. Pa. 1985) ("[T]he decision as to whether to maintain the document under seal is committed to this Court's discretion and the document may be maintained under seal provided that the Government shows 'good cause[.]'").

The application identifies by name several unindicted third parties. The court can order the redaction of these names if it finds that substantial privacy interests would be violated by disclosure and that the redactions are narrowly tailored to protect the identities of the parties. *See, e.g., In re S.F. Chronicle*, 2007 WL 2782753, at *2-3 (E.D.N.Y. Sept. 24, 2007) (denying

newspaper's motion to unseal redacted names of unindicted persons in search warrant where redactions were narrowly tailored to protect their identities). The primary concern is that public disclosure of the persons associated with criminal activity may cause damage to the unindicted person's reputation with no corresponding opportunity to defend his reputation at trial. *See, e.g., United States v. Ladd*, 218 F.3d 701, 703 (7th Cir. 2000) ("[T]he only reason for disclosing the identities was to stigmatize the individuals . . . but [they] would have no opportunity to clear their names at trial."); *see also United States v. Crompton Corp.*, 399 F.Supp.2d 1047, 1049-50 (N.D. Cal. 2005) (holding that documents should be unsealed without redaction because, *inter alia*, unindicted person was not implicated in any wrongdoing, no stigma would occur, and no due process rights were violated); *United States v. Gonzalez,* 927 F. Supp. 768, 778 (D. Del. 1996) (holding that names should be released where "allegations in no way rise to the level of publication of the names . . . [suspected] of committing a felony but [not yet] indicted").

> Although the probability of injury to third parties may, in certain circumstances, justify not releasing court documents, those circumstances are not present here. The unindicted third parties in this case have not articulated any specific fears. Moreover, as is true for the defendants, all of the information about the unindicted third parties contained in the transcripts either has become, or will become, public at the trial. Under these circumstances, we find that the district court did not abuse its discretion in

> holding that the alleged harm to the
> unindicted third parties is not serious enough
> to overcome the public's right of access.

*United States v. Thompson,* 1989 WL 248625, at *2 (D.C. Cir. Oct. 13, 1989) (per curiam) (denying unindicted third persons' motion for stay of order to release transcripts of wiretapped conversations).[1]

The government has not established that the unindicted persons will suffer injury to their reputations because of public disclosure of their names.[2] The court's review of the application has not revealed any information, other than the unindicted persons' names, that the government seeks redacted (i.e., their home addresses, home telephone numbers, and personal email addresses). But if the government maintains that the application contains information that there is good cause to redact before the application is unsealed, it may move within 10 days of the date

---

[1] The *Thompson* court did suggest in a footnote that the district court consider redacting the names of the unindicted third parties because of concerns about the parties' safety. *See Thompson*, 1989 WL 248625, at *2, *2 n.2.

[2] The government cites its "real concerns that a defendant or a defendant's family member will contact the unindicted individuals named in the affidavit." P. Resp. 2 ¶ 4. But the government has not specified a particular safety or reputational concern, and Simpson has been in possession of an unredacted copy of the application and has known the names of the unindicted persons for some time. *See, e.g., United States v. Pearson,* 340 F.3d 459, 465 (7th Cir. 2003) ("At the very least, once the identity of the unindicted coconspirator became known, the indictment should have been unsealed[.]"), *vacated on other grounds sub nom. Hawkins v. United States*, 543 U.S. 1097 (2005), *aff'd on remand by* 139 Fed. Appx. 744 (7th Cir. 2005).

this memorandum opinion and order that the court defer the unsealing of the application until it rules on the government's redaction requests.  The motion, which may be filed under seal, must identify the contents to be redacted and the grounds for each requested redaction.  Simpson may file a response to the motion within 10 days of the date the government's motion is filed.  If the court determines that there is good cause for any requested redaction, it will direct the government to file a redacted version of the application as a publicly-available document.  If the court determines that no such redactions are justified, or if the government does not move for such relief, the court will order the application to be unsealed and will dissolve the protective order that prohibits dissemination of the application.

\* \* \*

Simpson's August 25, 2010 motion to unseal the government's *ex parte* application for post-indictment restraining order and to dissolve the protective order of August 12, 2010 is granted on the terms set out in this memorandum opinion and order.

**SO ORDERED.**

September 20, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE