IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:09-CR-249-D(06) |
| | § | |
| MATTHEW NORMAN SIMPSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Matthew Norman Simpson ("Simpson") of the offenses of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349; aiding and abetting the commission of the offense of fraud and related activity in connection with electronic mail, in violation of 18 U.S.C. § 1037(a)(2) and (b)(2)(C); obstruction: destruction of evidence, in violation of 18 U.S.C. § 1512(c)(1); and false registration of a domain name, in violation of 18 U.S.C. § 3559(g)(1).[*] Simpson moves for a judgment of acquittal and for a new trial. For the reasons that follow, the court denies the motion.

Simpson challenges his conviction under 18 U.S.C. § 1349, arguing that no single agreement was proved beyond a reasonable doubt, the testimony of William Watts ("W. Watts") is impossible and failed to describe Simpson's illicit activity, and the relationship between codefendant Michael Blaine Faulkner's ("Faulkner's") company and Simpson's

---

[*]The jury found Simpson not guilty of the offense of obstruction: destruction of evidence, in violation of 18 U.S.C. § 1512(k) and 18 U.S.C. § 1512(c)(1), charged in Count Six of the fourth superseding indictment.

company was that of a buyer-seller, not an illicit agreement. Simpson is not entitled to relief on any of these grounds.

The court specifically instructed the jury in the court's charge that the jury could only convict Simpson on Count One if it found that the conspiracy charged in Count One existed and that he was a member of that conspiracy, not of some other conspiracy:

> If you find that the conspiracy charged in Count One did not exist, then you must return a not guilty verdict as to Count One, even though you find that some other conspiracy existed. If you find that the defendant in question was not a member of the conspiracy charged in Count One of the indictment, then you must find that defendant not guilty as to Count One, even though the defendant may have been a member of some other conspiracy.

Ct. Charge at 16. The court also instructed the jury regarding multiple conspiracies:

> You are further instructed, with regard to the conspiracy offense alleged in Count One, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in Count One of the indictment, unless one of the several conspiracies that is proved is the single conspiracy that Count One of the indictment charges. You should first determine whether the evidence establishes the existence of the single, overall conspiracy alleged in Count One. If you find that no such conspiracy existed, then you must find the defendant in question not guilty as to Count One.

*Id.* The jury therefore knew from these detailed instructions that the government must prove the existence of the single, overall conspiracy charged in Count One of the fourth superseding indictment. And viewing the trial evidence in favor of the verdict, the court holds that a rational jury could have found from the evidence that the government proved beyond a reasonable doubt the single, overall conspiracy charged in Count One, and that

Simpson knew the unlawful purpose of the agreement and joined in it willfully. *See, e.g., United States v. Wise*, 221 F.3d 140, 147 (5th Cir. 2000) (addressing standard for appellate review of sufficiency of evidence).

As for W. Watts's testimony, Simpson's counsel extensively cross-examined W. Watts. It was the province of the jury to decide whether the testimony of W. Watts was credible. *See, e.g., United States v. Dadi*, 235 F.3d 945, 951 (5th Cir. 2000) ("The credibility of witnesses is a matter for the jury and its determinations demand deference." (citing *United States v. Meshack*, 225 F.3d 556, 567 n.6 (5th Cir. 2000))). "One of the oldest established rules of Anglo-American jurisprudence is that the jury is the arbiter of credibility of witnesses." *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976).

It was also the jury's province to evaluate the relationship between Faulkner's company and Simpson's company and decide whether the government had proved each essential element of the offense charged in Count One beyond a reasonable doubt.

Simpson also challenges the court's charge. A court's jury instructions, as a whole, must correctly state the law and clearly instruct jurors as to the principles of the law applicable to the factual issues confronting them. *See, e.g., United States v. Dien Duc Huynh*, 246 F.3d 734, 738 (5th Cir. 2001). The court's charge met this standard. Simpson has failed to demonstrate that the court committed an error in instructing the jury.

Simpson argues there was a substantial variance between the indictment and the proof offered at trial because the government relied heavily on filings with the Public Utility Commission and similar entities. As the court explained in its November 2, 2011

memorandum opinion and order, there was neither an impermissible variance nor a constructive amendment of the indictment. *United States v. Simpson*, No. 3:09-CR-249-D, slip op. at *3 (N.D. Tex. Nov. 2, 2011) (Fitzwater, C.J.). Moreover, the court gave the jury detailed instructions during the trial and in the court's charge regarding the limited purpose for which it could consider this evidence. Simpson is not entitled to a judgment of acquittal or a new trial on this basis.

Regarding Count Two, Simpson contends that the government presented extensive evidence of auto dialing and robo-dialing and that, by its express terms, 18 U.S.C. § 1037(a) only applies to electronic mail messages. But under the court's charge, the jury could only have convicted Simpson based on evidence that he aided and abetted conduct that § 1037(a) prohibits. And there was sufficient evidence for a rational jury to find, beyond a reasonable doubt, that Simpson was guilty as an aider and abettor of the transmission of unsolicited electronic mail. *See, e.g., Wise*, 221 F.3d at 147. Nor has Simpson shown that he is entitled to a new trial on this basis. "[M]otions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "The remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.* (quoting *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996) (internal quotation marks omitted)). Simpson has not established that the evidence preponderates heavily against the verdict on Count Two.

Simpson challenges his conviction on Count Four for obstruction of justice, in

violation of 18 U.S.C. § 1512(c)(1), arguing there is no evidence on key points that he maintains were necessary to establish his guilt beyond a reasonable doubt. The court holds that a rational jury could have found from the trial evidence that the government proved the essential elements of this offense beyond a reasonable doubt. *See, e.g., Wise*, 221 F.3d at 147. And Simpson has not established that the evidence preponderates heavily against the verdict on Count Four.

Finally, Simpson challenges his conviction on Count Seven, arguing that his registration of the domain name occurred in October 2004, before the relevant statute took effect and more than five years before the first superseding indictment was returned. In his reply brief, Simpson posits that his act of renewing the registration in October 2005 (after the statute took effect, and within the limitations period) is not an act of registration, as 18 U.S.C. § 3559(g) requires. He also maintains that, when he renewed the registration, his true identity was revealed, thereby precluding the government from proving the statutory requirement that he acted "in a manner that prevents the effective identification of or contact with the person who registers," as § 3559(g)(2)(A) requires. The court denies this ground of Simpson's motion. A reasonable jury could have found that Simpson's conduct on October 2, 2005 of renewing his registration was a registration. And, despite evidence that Simpson's name was associated with the renewed registration, a reasonable jury could have found that, when he renewed the registration based on the same false name and address that he had provided RegisterFly.com in 2004, he did so in a manner that prevented the effective identification of or contact with the person who registered, i.e., Simpson. Simpson is not

entitled to a judgment of acquittal or a new trial on this ground.

* * *

For the foregoing reasons, Simpson's motion for a judgment of acquittal and for a new trial is denied.

**SO ORDERED**.

March 1, 2012.

                                        SIDNEY A. FITZWATER
                                        CHIEF JUDGE